IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 09-cv-494-JLK-KMT

CRAIG HOSPITAL, a Colorado nonprofit corporation, and
CNS MEDICAL GROUP, PC, a Colorado professional corporation,

    Plaintiffs,

v.

UMR, INC., a Delaware corporation,

    Defendant.

---

### PROTECTIVE ORDER

---

    To expedite the exchange of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Fed. R.Civ.P. 26(c) and with the consent of the parties, the Court hereby ORDERS:

    1.    **Nondisclosure of Stamped Confidential Documents**. Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person.

    A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Confidential" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c). Documents containing Protected Health Information ("PHI") as defined in the HIPAA regulations at 45 C.F.R. § 164.501 shall be stamped "Confidential." For purposes of this order, the term "document" means all written, recorded, or graphic material, all electronic media, whether produced or created by a party or another person, whether produced pursuant to Fed. R. Civ. P. 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that

not entitled to protection.

    2.    **Permissible Disclosures**. Notwithstanding paragraph 1, stamped confidential documents, including documents that contain PHI, may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to the parties; to the Court; to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court), and to litigation support service vendors. Subject to the provisions of subparagraph (c), such documents may also be disclosed:

    (a)    to any person designated by the court in the interest of justice, upon such terms as the court may deem proper;

    (b)    in response to a subpoena provided notice has been given in accordance with paragraph 6 of this protective order; and

    (c)    to persons noticed for depositions or identified as potential trial witnesses to the extent reasonably necessary in preparing to testify; and to outside consultants or experts retained for the purpose of assisting counsel in the litigation; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a form containing the following information, which form shall be maintained by the disclosing counsel and provided to opposing counsel upon request:

    (1)    a recital that the signatory has read and understands this order;

    (2)    a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents could constitute contempt of court; and

    (3)    a statement that the signatory consents to the exercise of personal jurisdiction by this court.

    (d)    Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (c) who is a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least ten days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the ten-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion. The court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

3. **Declassification**. A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

4. **Confidential Information in Depositions**. (a) A deponent may during the deposition be shown and examined about stamped confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 2(b) are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

(b) Parties (and deponents) may, within 20 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential-Subject to Protection Pursuant to Court Order." Until expiration of the 20-day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5. **Confidential Information at Trial**. Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days advance notice to counsel for any party or other person that designated the information as confidential. With regard to rebuttal exhibits, notice shall be given as soon as disclosing counsel determines an exhibit shall be used for rebuttal. Any party or person producing the confidential document may move the court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6. **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7. **Filing.** Stamped confidential documents need not be filed with the clerk except when required in connection with motions under Fed. R. Civ. P. 12 or 56 or other matters pending before the court. If filed, they shall be filed in a sealed envelope marked "Confidential: subject to a Protective Order" and shall remain sealed while in the office of the clerk as long as they retain their status as stamped confidential documents.

8. **Client Consultation.** Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents.

9. **Prohibited Copying.** If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the court, with notice to counsel so designating the document.

10. **Use.** Persons, including the parties to this litigation, obtaining access to stamped confidential documents under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

11. **Non-Termination.** The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents, including all confidential documents that contain PHI, and all copies of same (other than exhibits of record) shall be returned to the party or person that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed, except that counsel is permitted to keep one copy of the confidential documents for his or her files. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents and not more than 150 days after final termination of this litigation.

12. **Modification Permitted.** Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

4

13.     **Responsibility of Attorneys**. The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

14.     **No Waiver**. (a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b)     The inadvertent, unintentional, or *in camera* disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

15.     **No Effect on Discoverability or Admissibility**. Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

Dated June 16, 2009.

BY THE COURT:

John L. Kane
United States District Court Judge

5

### Acknowledgment of Protective Order and Agreement To Be Bound

_____ states as follows:
(Name)

1. That she/he resides at _____ in the City of _____ in the County of _____, and the State of _____.

2. That she/he has read and understands the Protective Order dated _____, entered in *Craig Hospital, et al. v. UMR*, Civil Action No. 09-cv-494-JLK, United States District Court, District of Colorado.

3. That she/he:

   (a) is engaged as a consultant or expert, or

   (b) has been interviewed by _____ on behalf of _____ in the preparation and conduct of *Craig Hospital, et al. v. UMR*, Civil Action No. 09-cv-494-JLK, United States District Court, District of Colorado.

4. That she/he agrees to comply with and be bound by the provisions of the Protective Order, and in particular agrees to the exercise of personal jurisdiction over him/her by the United States District Court for the District of Colorado, and understands that an unauthorized disclosure of confidential information may constitute a contempt of Court.

5. That counsel who has retained or consulted with her/him has explained the terms thereof.

6. That she/he will not divulge to persons other than those specifically authorized by paragraph 2 of the Protective Order, and will not copy or use, except solely for purposes of this litigation, any stamped confidential document or information as defined by the Protective Order, except as provided therein.

_____
Name of Individual to be Bound